IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) ) | Case No. 8:24-cv-01389-LKG |
| v. | ) ) | Dated:  March 5, 2026 |
| DARLENE S. WILLIAMS, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

### I.   INTRODUCTION

In this civil action, the United States of America brings claims under 26 U.S.C. § 7403 for the foreclosure of federal tax liens on a real property located at 16267 Shipsview Way, Piney Point, Maryland 20674 ("Shipsview Property") and enforcement of the judgment lien against the Defendants, Darlene S. Williams and her son Rick A. Williams.  ECF No. 1.  The Government has moved for summary judgment to enforce its tax and judgment liens, pursuant to Fed. R. Civ. P. 56(a).  ECF No. 16.  The motion is fully briefed.  ECF Nos. 16, 19, 20 and 21.  No hearing is necessary to resolve the motion.  L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court **GRANTS** the Government's motion for summary judgment (ECF No. 16).

### II.   FACTS AND PROCEDURAL BACKGROUND[1]

#### A.   Factual Background

The Government brings claims for the foreclosure of federal tax lien and enforcement of judgment lien against the Defendants.  ECF No. 1.  Specifically, the Government asserts the following claims in the complaint: (1) foreclosure federal tax liens on the Shipsview Property (Count I) and (2) enforcement of the judgment lien (Count II).  *Id.* at 2–5.  As relief, the

---

[1] The facts recited in this memorandum opinion and order are taken from the complaint (ECF No. 1); the Government's motion for summary judgment (ECF No. 16); the memorandum in support thereof (ECF Nos. 16-1);  the Defendant's response in opposition thereto (ECF Nos. 19 and 20); and the Government's reply.  ECF No. 21.

Government requests: (1) that the Court adjudge, determine and decree that, regarding the unpaid tax liabilities assessed against Darlene Williams that have been reduced to judgment, the Government is the holder of valid and subsisting tax and judgment liens that encumbers the Shipsview Property; (2) that the tax lien be foreclosed against the Shipsview Property, and that the Shipsview Property be sold according to law free and clear of any right, title, lien, claim, or interest of Darlene Williams or any other person; (3) that the Court adjudge, determine and decree that the proceeds of the sale of the Shipsview Property shall be distributed first to the costs of the sale and then to each lienholder or other interest holders according to their relative priority; (4) that the Shipsview Property sale proceeds distributed to the United States shall be applied to the judgment for unpaid tax liabilities assessed against Darlene Williams as set forth in this complaint; and (5) that the Government shall recover its costs in this action and be awarded such other and further relief as this Court deems just and proper. *Id.* at Prayer for Relief.

The Parties

The Plaintiff is the United States of America. *Id.* at ¶ 3.

The Defendant Rick Williams is a fee simple owner of record for the Shipsview Property and a citizen of the United States. *Id.* at ¶ 4.

The Defendant Darlene Williams is the owner of the Shipsview Property and a citizen of the United States. *Id.* at ¶ 5.

Defendant Darlene Williams' Tax Deficiency

Defendant Darlene Williams owns the Shipsview Property, along with her son, Defendant Rick Williams, as tenants in common. ECF No. 16-2 at ¶ 1; ECF No. 20 at 1. The Defendants acquired the Shipsview Property by a deed of trust dated June 4, 1999. ECF No. 16-2 at ¶ 2; ECF No. 20 at 1.

On February 17, 2014, a delegate for the Secretary of the Treasury assessed tax, interest and penalties against Darlene Williams, in the total amount of $1,211,780, for tax year 2008. ECF No. 1 at ¶ 6; ECF No. 7 at ¶ 2; ECF No. 16-2 at ¶ 3. The IRS filed a Notice of Federal Tax Lien ("NFTL") against Darlene Williams for the 2008 tax liability assessment in the real property records of St. Mary's County, Maryland on May 10, 2016. ECF No. 1 at ¶ 11; ECF No. 7 at ¶ 4; ECF No. 16-2 at ¶ 4. On February 7, 2023, the United States District Court for the Middle District of Florida reduced the 2008 assessment to a judgement against Darlene Williams, in the amount of $1,801,902, as of February 1, 2023, plus statutory interest that will continue to

2

accrue until the liabilities are paid in full.  ECF No. 1 at ¶ 15; ECF No. 7 at ¶ 6; ECF No. 16-2 at ¶ 5.  And so, the Government recorded an abstract of the judgment with the Clerk of the Circuit Court of St. Mary's County, Maryland on March 27, 2023.  ECF No. 1 at ¶ 15; ECF No. 7 at ¶ 6; ECF No. 16-2 at ¶ 6.

### B.    Procedural History

On May 13, 2024, the Government filed the complaint.  ECF No. 1.  On August 20, 2024, the Defendants filed an answer.  ECF No. 7.

On July 11, 2025, the Government filed a motion for summary judgment, pursuant to Fed. R. Civ. P. 56(a).  ECF No. 16.  On August 19, 2025, Defendant Darlene Williams filed a response in opposition to the Government's motion for summary judgment.  ECF No. 19.  On August 19, 2025, Defendant Rick Williams filed a response in opposition to the Government's motion for summary judgment.  ECF No. 20.  On September 4, 2025, the Government filed a reply brief. ECF No. 21.

The Government's motion for summary judgment having been fully briefed, the Court resolves the pending motion.

## III.   LEGAL STANDARDS

### A.    Fed. R. Civ. P. 56

A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  And so, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979).

When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985).  In this regard, the moving party bears the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P.

56(c); *Catawba Indian Tribe of S.C. v. State of S.C.*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993). But a party who bears the burden of proof on a particular claim must also factually support each element of his or her claim. *See Celotex Corp.*, 477 U.S. at 322–23. Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id*. at 323. And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256.

The United States Court of Appeals for the Fourth Circuit has held that, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir. 1997). And so, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted). In addition, when faced with cross-motions for summary judgment, the Court must review each motion separately on its own merits "to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (quoting *Philip Morris Inc. v. Harshbarger*, 122 F.3d 58, 62 n.4 (1st Cir.1997) (citation and internal punctuation omitted).

## IV.   ANALYSIS

The Government has moved for summary judgment in its favor with regard to the sale of the federal tax liens on the Shipsview Property and the enforcement of the judgment lien, pursuant to Fed. R. Civ. P. 56. Specifically, the Government argues that the undisputed material facts in this case show that: (1) the Government has a valid and enforceable tax lien on the Shipsview Property and (2) the Government has an enforceable judgment lien on the Shipsview Property. ECF No. 16-1 at 3–4. And so, the Government requests that the Court grant its motion for summary judgment. *Id.* at 5.

The Defendants counter in their respective responses in opposition to the Government's motion, that summary judgment is not warranted on the Government's claims, because: (1) Darlene Williams can prove through documents and testimony that the Internal Revenue Service ("IRS") improperly calculated her tax liability for 2008 and that the tax deficiencies were incorrectly assessed (ECF No. 19 at 1–2); (2) the Defendants have located the missing business

records that would show Ms. Williams' tax liability is less than the amount assessed by the IRS; (3) Rick Williams pays the expenses for the Shipsview Property, and therefore, he has a greater than 50% interest in the Shipsview Property; and (4) Darlene Williams has experienced significant health issues since she relocated to Florida to care for an ailing parent. ECF No. 20 at 1–2. And so, the Defendants request that the Court deny the Government's motion for summary judgment. *See id.*

For the reasons that follow, the undisputed material facts in this case establish that the Defendants are the joint owners of the Shipsview Property and that the Government has valid and enforceable tax and judgment liens on that property. And so, the Court GRANTS the Government's motion for summary judgment (ECF No. 16).

### A.     The Undisputed Material Facts Show That The Government Has A Valid Tax Lien On The Shipsview Property

As an initial matter, the Government persuasively argues that it has a valid and enforceable tax lien on the Shipsview Property. Under 26 U.S.C. § 6321, a federal tax lien, "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person," when a "person liable to pay any tax neglects or refuses to pay the same after demand, the amount." 26 U.S.C. § 6321. A federal tax lien "arise[s] at the time the assessment is made and shall continue until the liability for the amount so assessed . . . is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322.

In this case, the undisputed material facts show that Darlene Williams has a 50% interest in the Shipsview Property, which she holds as a tenant in common with her son, Rick Williams. ECF No. 16-2 at ¶ 1; ECF No. 20 at 1. It is also undisputed that a tax lien in favor of the Government arose on all of Darlene Williams's property on February 17, 2014, when a delegate of the Secretary of the Treasury assessed tax, interest and penalties against Ms. Williams for tax year 2008, in the total amount of $1,211,780. ECF No. 1 at ¶ 6; ECF No. 7 at ¶ 2; ECF No. 16-2 at ¶ 3.

It is also undisputed that pursuant to that tax lien, there is no other claim or interest in the Shipsview Property. *See, e.g.*, ECF No. 16-1 at 5; ECF No. 20; ECF No. 21. In addition, neither Rick Williams, nor Darlene Williams disputes: (1) their respective 50% interests in the Shipsview Property, (2) that the tax lien arose in favor of the Government on all of Darlene

Williams's property, or (3) the absence of any other claim against the Shipsview Property. *See, e.g.*, ECF Nos. 20 and 21.

Because neither party contests the existence or validity of the tax lien at issue, the Defendants' interests in the Shipsview Property, nor the absence of any other claim against the Shipsview Property, the Court is satisfied that the Government's foreclosure tax lien on the Shipsview Property is valid and enforceable. And so, the Court GRANTS the Government's motion for summary judgment on the issue of the enforceability of the tax lien on the Shipsview Property. Fed. R. Civ. P. 56.

**B.      Enforcement Of The Judgment Lien Against The Defendants Is Proper**

The undisputed material facts also show that the Government may enforce the judgment lien against the Shipsview Property. Pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), a "judgment in a civil action shall create a lien on all real property of a judgment debtor on filing a certified copy of the abstract of the judgment." 28 U.S.C. § 3201(a). Upon a proper application to a court, "the court may order the United States to sell, in accordance with sections 2001 and 2002, any real property subject to a judgment lien in effect under this section." 28 U.S.C. § 3201(f).

Here, there is no dispute that the Government obtained a judgment against Darlene Williams in the United States District Court for the Middle District of Florida, which reduced the 2008 tax assessment to a judgment against Darlene Williams in the amount of $1,801,902, as of February 1, 2023, plus statutory interest that continues to accrue until the liabilities are paid in full. ECF No. 1 at ¶ 15; ECF No. 7 at ¶ 6; ECF No. 16-2 at ¶ 5. It is also undisputed that the Government recorded this judgment in St. Mary's County, Maryland, where the Shipsview Property is located. ECF No. 1 at ¶ 15; ECF No. 7 at ¶ 6; ECF No. 16-2 at ¶ 6.

Given these undisputed material facts, the Government may enforce the judgment lien. And so, the Court also GRANTS the Government's motion for summary judgment on this issue. Fed. R. Civ. P. 56.

## V.   CONCLUSION

In light of the foregoing the Court **GRANTS** the Government's motion for summary judgment (ECF No. 16).

A separate Order and Judgment shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge